{¶ 33} I dissent from the majority's decision. It is the duty of the applicant to demonstrate by clear and convincing evidence that she is sufficiently mature and well enough informed to decide intelligently to proceed with an abortion without the required notice to her parents, or that notifying her parents would not be in her best interest. The juvenile court held a hearing on these issues and found that she had not met her burden.
 {¶ 34} The standard of review for this court is abuse of discretion in not granting her application. An abuse of discretion is more than an error of law or judgment; the court's decision must be unreasonable, arbitrary or unconscionable. It is the trial court that heard the witnesses, observed their demeanor, and was in the best position to assess their credibility. We must defer to the trial court to make these judgments unless we find within the record one of the recognized bases for abuse of discretion. My review of the record does not reveal any abuse of discretion by the trial court.
 {¶ 35} The majority makes a number of findings upon which they base their decision that Jane Doe is sufficiently mature. They point to her academic standing, her intelligence, her participation in extracurricular activities, her admission to college, and her part-time employment. But the only proof of these matters in the record is the testimony of Jane Doe herself. There is nothing in the record independent of her testimony to support or prove any of these facts. As the trial court said in its opinion, "[I]t is difficult to judge credibility without an adversarial procedure." The majority is persuaded that her testimony provides evidence of a potential conflict with her parents if she were to inform them of her plans to abort her child. Her own testimony was that she does not really know how her parents feel about this issue save for how they comment while watching television shows that mention abortion. She also said that her mother would probably be supportive, but that her father might "tease her." Her testimony that her father might cease to allow her to live at home or to support her financially is pure speculation on her part. This hardly meets the clear-and-convincing standard necessary to sustain her application.
 {¶ 36} What evidence is there of a lack of maturity? First, Jane Doe engaged in unprotected sex at age seventeen. An unwanted pregnancy was not unpredictable. She has never discussed this issue with her parents. Apparently she has had two medical procedures in the past, and her parents were helpful and let her make up her own mind on what she would do. This shows the value in consulting with her parents and is evidence of their acceptance of her judgment rather than her contention of the opposite. On the day of the argument, she had still not seen a doctor. This is perhaps the most convincing factor evidencing a lack of maturity. If one were to plan to have a medical operation or procedure, consulting a doctor would be the first thing to do. If a young girl came to her parents with this problem, seeing a doctor would be their first step. Jane Doe spent one hour with a Planned Parenthood counselor and then made one or two phone calls. None of these contacts involved consulting with a medical doctor. The court-appointed guardian ad litem found that Jane Doe did not meet the required maturity level.
 {¶ 37} All of the facts evidencing a lack of maturity are true; they are not just speculation or unsubstantiated claims by the petitioner. The failure to see a medical doctor was admitted at argument. The facts in favor of maturity are not verified. If this case were decided upon a preponderance-of-the-evidence standard, the weight of the evidence would be in favor of immaturity. But when Jane Doe has to prove her case by clear and convincing evidence, and we can only reverse the trial court by finding its decision to be unreasonable, arbitrary or unconscionable, I cannot understand this court doing anything other than affirming the decision of the trial court.
 {¶ 38} Aborting her child is a major decision for a young girl, perhaps the biggest one yet in her life. This is why Ohio law wisely requires that a minor must notify her parents so that they can all discuss the situation and decide what is best as a family. A minor cannot get any medical procedure done without the parent's input; this practice should certainly be followed in the case of something as serious as an abortion. The law also provides for an exception to that notification in special circumstances. But these circumstances do not exist here. There is no evidence that the parents will physically abuse Jane Doe or otherwise mistreat her if she should counsel with them about her situation, and she has not proved the requisite maturity level. Any parent would want to be the primary counselor to a daughter in a situation like this. We should not take this right away from parents except in the most exceptional of circumstances. This case clearly does not involve those exceptional circumstances.